UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────────
GUILLERMO MATEO,

                Petitioner,

                                       10 Civ. 5129 (JGK)

     - against -                  04 Cr. 1229 (JGK)

UNITED STATES OF AMERICA,         MEMORANDUM OPINION AND
                                           ORDER OF TRANSFER
                Respondent.
────────────────────────────────────────

JOHN G. KOELTL, District Judge:

     Petitioner Guillermo Mateo, appearing pro se, moves to reduce his sentence based on the following factors: (1) his status as a deportable alien, which he alleges was not considered by the sentencing court; (2) the significantly harsher conditions of confinement he would be subject to as compared to a non-alien convicted of the same offense due to his status as a deportable alien; (3) his extraordinary family circumstances; and (4) his exemplary behavior in prison.  The Government opposes the motion on the grounds that it is barred as a second or successive motion to set aside or correct the petitioner's sentence and the petitioner has failed to make the required showing before such a motion can be considered.  See 28 U.S.C. § 2255(h) (2006).  The Government also argues that the motion is time barred in any event.  Because the motion is a successive petition for a writ of habeas corpus within the meaning of the Anti-Terrorism and Effective Death Penalty Act

1

("AEDPA"), the motion must be transferred, in the interest of justice, to the Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631 without reaching the merits.  See Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996); see also Corrao v. United States, 152 F.3d 188, 190 (2d Cir. 1998); United States v. Viertel, Nos. 01 Cr. 571-3, 08 Civ. 7512, 2012 WL 71011, at *1 (S.D.N.Y. Jan. 9, 2012).

I.

The following facts are undisputed.  On May 19, 2006, the petitioner pleaded guilty to a single count of conspiracy, in violation of 21 U.S.C. § 846, to distribute and possess with intent to distribute five kilograms and more of cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A).

On August 25, 2006, this Court sentenced the petitioner to a sentence of 87 months imprisonment, a term of supervised release of three years, and a $100 special assessment.  The judgment of conviction was entered on August 31, 2006.  No notice of appeal was filed.

On June 8, 2007, the petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on the basis of ineffective assistance of counsel.  First, he claimed that he requested counsel to file a notice of appeal and his counsel

failed to do so.  Second, he claimed that his counsel failed to object and argue that the amount of the drugs attributed to him should have been less than 20 kilograms of cocaine.  The petitioner also sought to have the Court make a recommendation to the Bureau of Prisons that the petitioner be admitted to a substance abuse treatment program while in prison.  On December 7, 2007, this Court denied the petitioner's motion in its entirety, and denied the request for a certificate of appealability because the petitioner failed to make a substantial showing of the denial of a constitutional right. Op. & Order 5, 12, 14, Mateo v. United States, Nos. 04 Cr. 1229, 07 Civ. 6054, (S.D.N.Y. Dec. 7, 2007), ECF No. 4.

Thereafter, the petitioner filed an appeal and sought a certificate of appealability from the Court of Appeals.  The Court of Appeals denied the motion for a certificate of appealability and dismissed the appeal by Summary Order dated August 15, 2008.  U.S. Ct. of Appeals Mandate 1, Mateo v. United States, Nos. 04 Cr. 1229, 07 Civ. 6054, (S.D.N.Y. Aug. 15, 2008), ECF No. 10.  The petitioner then filed the current motion to reduce his sentence.  The motion is dated May 10, 2010.

**II.**

Under the AEDPA, "[b]efore a second or successive application [for habeas corpus] . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also id. at § 2255(h). This requirement includes applications under 28 U.S.C. § 2255 to vacate, set aside or correct a sentence. See, e.g., Negron v. United States, 394 F. App'x. 788, 792 (2d Cir. 2010); see also Viertel, 2012 WL 71011, at *1.

The issue is whether the petitioner's current motion to reduce his sentence, which is not explicitly styled as a motion pursuant to § 2255 should be construed as one, which would render it "a second or successive petition" within the meaning of § 2244. When a petitioner's § 2255 motion has been denied on the merits, a district court may construe the petitioner's subsequent post-conviction motion to vacate the petitioner's sentence as a successive § 2255 petition without providing the petitioner with prior notice and the opportunity to withdraw the subsequent post-conviction motion, even if the petitioner is appearing pro se. Jiminian v. Nash, 245 F.3d 144, 148 (2d Cir. 2001); see Ching v. United States, 298 F.3d 174, 176 (2d Cir. 2002); see also Viertel, 2012 WL 71011, at *1.

The Court of Appeals for the Second Circuit has explained that "§ 2255 is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence, as it encompasses claims that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Jiminian, 245 F.3d at 146-47 (quoting 28 U.S.C. § 2255) (internal quotation marks omitted); see also Viertel, 2012 WL 71011, at *1.

The gist of the petitioner's motion is that the Court erred in various ways when it imposed the sentence on the petitioner and that the sentence should be reduced. The Government argues that this is a petition under § 2255 because it seeks to set aside his previous sentence. The petitioner has not suggested any alternative basis for his motion and he has not responded to the Government's argument that his motion should be categorized as a § 2255 motion. That is the most correct characterization of the motion.[1]

---

[1] To the extent that the petitioner is simply asking this Court to reconsider his sentence in light of the factors he cites and to reduce his sentence, the Court lacks the authority to do so. See, e.g., United States v. Werber, 51 F.3d 342, 347 (2d Cir. 1995).

5

This motion is the petitioner's second attempt to seek habeas review. The petitioner has already filed one petition for habeas corpus pursuant to 28 U.S.C. § 2255, which this Court denied. The Court of Appeals for the Second Circuit denied the petitioner's motion for a certificate of appealability and dismissed the appeal from the denial of that petition. The Court of Appeals must certify a successive habeas corpus petition before a district court may hear it. See U.S.C. § 2255(h). "[R]eaching the merits of an uncertified second or successive § 2255 petition impermissibly circumvents the AEDPA's gatekeeping provisions." Corrao, 152 F.3d at 191. Corrao held that the district court should have transferred the successive § 2255 petition to the Court of Appeals, rather than dismissing "the petition as time-barred, as an unauthorized successive petition, and as lacking merit." Id. Therefore, the current motion must be transferred to the Court of Appeals pursuant to 28 U.S.C. § 1631, in the interest of justice, for a determination of whether the petitioner's successive § 2255 petition may proceed in this Court. See Liriano, 95 F.3d at 123.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. The Clerk is directed to transmit this Order and the attached motion to the Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631, and to close this case on the docket of this Court.

SO ORDERED.

Dated:  New York, New York
        November 10, 2012

                                            _____
                                            John G. Koeltl
                                            United States District Judge